**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| S.P. RICHARDS COMPANY, | : | CIVIL ACTION NO. 13-7768 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| SUNEET ARORA, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**THE PLAINTIFF** brought this action ("District Court Action") to recover damages for breach of a promissory note.  (See dkt. entry no. 1, Compl.)  The defendants Suneet Arora and Janet Arora thereafter petitioned for bankruptcy relief ("Bankruptcy Matter") in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court").  See In re Suneet Arora & Janet Arora, Bankr. D.N.J. No. 14-28073 ("In re Arora"), dkt. entry no. 1, 9-2-14 Pet.

**THE PLAINTIFF** is listed as a creditor in the Bankruptcy Matter.  See In re Arora, dkt. entry no. 10, 9-15-14 Sched. D - Creditors Holding Secured Claims.  The defendant Action Office Supplies, Inc. ("AOS"), of which Suneet Arora and Janet Arora are shareholders, is listed as a codebtor.  See id., 9-15-14 Sched. H - Codebtors; id., 9-15-14 Statement of Fin. Affairs.  The Court's review of the docket for the Bankruptcy Matter reveals that it is being actively litigated, and that the claims asserted against AOS are hopelessly intertwined with the issues being addressed by the Bankruptcy Court.

**THIS COURT** thus intends to refer all of the claims asserted in the District Court Action to the Bankruptcy Court.  <u>See</u> 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").[1]

**THE EXTENT** of the Bankruptcy Court's jurisdiction over the claims depends on whether the District Court Action concerns: (1) a core proceeding; or (2) a non-core proceeding, which is a proceeding that is otherwise related to a case under title 11.  <u>See</u> 28 U.S.C. § 157(b)(2)–(4); <u>see also</u> 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court may only submit proposed findings of fact and conclusions of law to district court in non-core proceeding, and final order or judgment to be entered by district court after considering same); <u>see also</u> <u>Mullarkey v. Tamboer (In re Mullarkey)</u>, 536 F.3d 215, 220–21 (3d Cir. 2008) (discussing bankruptcy court's jurisdiction).  The Bankruptcy Court itself will determine the extent of that jurisdiction.  <u>See</u> 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); <u>Certain Underwriters at Lloyd's of London v. Otlowski</u>, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the

---

[1]  This is also permitted pursuant to the Standing Order of Reference by the United States District Court for the District of New Jersey, dated July 23, 1984.

bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3–4 (D.N.J. Apr. 23, 2007) (stating same).

 **THE COURT** will issue an appropriate order.


         s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  December 15, 2014